## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

IN RE ESTATE OF B. F. SNIFFIN, DECEASED,—APPEAL FROM
CIRCUIT JUDGE OF SECOND JUDICIAL DISTRICT.

A GUARDIAN is not chargeable for proceeds of sale of ward's property
by order of Court which were paid into Court and lost by the mis-
conduct of the JUDGE.

It appeared on examination of the accounts of George E.
Minor, guardian of the minor children of B. F. Sniffin, de-
ceased, before A. Fornander, Esq., Circuit Justice of Maui,
on the 29th of January, 1872, that there was a deficiency of
$849.60, being part proceeds of a sale of personal property of
the deceased by order of the Circuit Justice of Maui, A. J.
Lawrence, the proceeds of said sale having been paid into
the hands of said Lawrence on his judicial order, and not to
the said guardian. The entire sale amounted to $1726.22, of
which the guardian could get only $876.42 out of the hands
of said Lawrence, leaving in his hands the said sum of
$849.60.

W. C. Jones, counsel for the heirs, claimed that the guar-
dian was responsible for all the personal property received
by him ; that the order of the Circuit Judge to pay the pro-
ceeds of the sale over to himself was illegal, and an abuse of
power in which the guardian should not have acquiesced ;
that the heirs should not suffer by the Judge's abuse of
authority, nor by the guardian's negligence or inefficiency ;
that the guardian was negligent in failing to take any proper
or legal steps to secure the money from the Judge.

In re Estate of B. F. Sniffin, deceased.

L. McCully, counsel for the guardian, claimed that the guardian was not responsible for the misconduct and resignation of the former Judge of Maui, but only for faithful administration of his trust; that the order which the guardian obeyed was not illegal, to be resisted, but was an order of common occurrence in probate; that the order to the auctioneer to pay the money into Court was discretionary, and is not to be reviewed to the loss of the party complying; that the guardian did all he reasonably could be required to do, in making frequent applications to the Judge for the money, and finally in taking the extraordinary course of instituting a prosecution for embezzlement.

OPINION OF THE COURT BY HARTWELL, J.

The order of sale of personal property comes within the express authority of the statute relating to guardians and wards, Section 1360, Civil Code. The payment into Court is not expressly authorized by statute, but in many cases may be a proper and necessary course, which Courts of Probate may lawfully require. The delay to institute legal proceedings against the Judge to whose official misconduct this loss is due is not a mark of prompt efficiency in the guardian, but to infer therefrom his complicity in fraud, is going further than in fact or law is permissible. This is not a case of improper investment of trust funds, the loss of which, by relying on personal security, may be charged to the trustee who ought to have invested in government or real estate securities; it is merely obedience to a lawful order of Court. I do not think the guardian is chargeable for this sum by reason of breach of trust or of duties enumerated in his official bond.